UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANGELO BALSANO,

                Plaintiff,

      V.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

**REPORT AND RECOMMENDATION**

09-CV-490
(DNH/VEB)

---

## I. INTRODUCTION

Presently pending before this Court is a motion by Plaintiff's counsel, Irwin M. Portnoy, Esq., for attorneys' fees and costs pursuant to Section 2412 (d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). (Docket No. 26). On February 4, 2013, the Honorable David N. Hurd, United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For the following reasons, this Court recommends that the motion be granted, in part.

## II. BACKGROUND

The facts of this matter are set forth in detail in this Court's Report and Recommendation dated July 6, 2011, which recommended that the matter of Plaintiff's application for disability benefits be remanded to the Commissioner of Social Security for further administrative proceedings. (Docket No. 18). Familiarity with that Report and Recommendation is presumed. The relevant procedural history may be summarized as

follows:

The Commissioner of Social Security denied Plaintiff's application for disability insurance benefits. Plaintiff, by and through his attorney, Irwin M. Portnoy, Esq., commenced this action on April 27, 2009, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). (Docket No. 1).

The Honorable Norman A. Mordue, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 17).

On July 6, 2011, this Court issued a Report and Recommendation in which it recommended that Plaintiff's case be remanded for further proceedings in accordance with sentence 4 of 42 U.S.C. § 405 (g). (Docket No. 18). The Commissioner lodged Objections to the Report and Recommendation (Docket No. 22). Plaintiff filed a responding memorandum of law. (Docket No. 23).

On August 12, 2011, District Judge Hurd issued a Decision and Order adopting this Court's Report and Recommendation and remanding the case for further administrative proceedings. (Docket No. 24). The Clerk of the Court entered a judgment in favor of Plaintiff on August 12, 2011. (Docket No. 25).

Plaintiff filed a motion for attorneys' fees and costs under the EAJA on October 4, 2011. (Docket No. 26). The Commissioner filed a Response in Opposition on November 18, 2011. (Docket No. 27). Plaintiff filed a Reply, which included a request for additional attorneys' fees incurred in connection with the preparation of the Reply, on November 30, 2011. (Docket No. 30). Judge Hurd referred the instant motion to the undersigned for a Report and Recommendation

## III. DISCUSSION

**A.     Legal Standard**

The EAJA provides, in pertinent part, as follows:

> [A] court shall award [1] to a prevailing party ... fees and other expenses, ... incurred by that party in any civil action ..., brought by or against the United States in any court having jurisdiction of that action, [2] unless the court finds that the position of the United States was substantially justified or [3] that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  A motion for attorneys' fees under the EAJA must be filed within thirty days of the entry of final judgment.  28 U.S.C. § 2412 (d)(1)(B).

A district court has broad discretion when determining the reasonableness of attorneys' fees and may make appropriate reductions to the fee requested as necessary. See Walker v. Astrue, No. 04-CV-891, 2008 WL 4693354, at *5 (N.D.N.Y. Oct. 23, 2008) (citing Colegrove v. Barnhart, 435 F.Supp.2d 218, 221 (W.D.N.Y.2006))

"The starting point for [a] fee determination is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." DiGennaro v. Bowen, 666 F.Supp. 426, 433 (E.D.N.Y.1987) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "In making this determination, the district court should exclude hours that are not 'reasonably expended,' *i.e.*, hours that are excessive, redundant or otherwise unnecessary." Id. (quoting Hensley, 461 U.S. at 434).

As the Supreme Court explained in Hensley v. Eckerhart: "billing judgment is an important component in fee setting ... Hours that are not properly billed to one's *client* also are not properly billed to one's adversary pursuant to statutory authority." Id. at 434 (citing

Copeland v. Marshall, 641 F.2d 880, 891 (D.C.Cir.1980) (en banc) (emphasis in original)).

    **B.    Analysis**

In this case, there is no dispute regarding the fact that Plaintiff is a "prevailing party" under the EAJA by virtue of the District Court's decision adopting this Court's remand recommendation. Likewise, the Commissioner does not argue that its position was "substantially justified" and there appears to be no question that the application for attorneys' fees was timely filed.

The Commissioner also does not challenge the reasonableness of the hourly rates sought by Plaintiff's counsel ($172.24 for work performed in 2009, $175.06 for 2010 work, and $179.78 for work performed in 2011), which are consistent with the rates generally found to be reasonable in this District. See Manning v. Astrue, No. 09-CV-88, 2011 WL 6842617, at *2 (N.D.N.Y. Dec. 29, 2011)(finding hourly rate of $175.43 reasonable).

Thus, the sole matter at issue is whether the number of hours charged are excessive and/or unreasonable.

District courts in the Second Circuit have held that, on average, an attorney spends twenty (20) to forty (40) hours on routine social security cases. Cruz v. Apfel, 48 F.Supp.2d 226, 231 (E.D.N.Y.1999); see also Coughlin v. Astrue, No. 06-CV-0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009); Hogan v. Astrue, 539 F.Supp.2d 680, 682 (W.D.N.Y.2008).

Attorneys' fees in excess of the average time will be awarded only where the unique facts or novel issues of the case warrant such an award. See Hinton v. Sullivan, 1991 WL 123960, at *5 (S.D.N.Y.1991); Scott v. Astrue, 474 F.Supp.2d 465, 467 (W.D.N.Y.2007).

In this case, Plaintiff's counsel initially sought an award based upon 78.38 hours

4

(54.10 hours in 2009, 12.53 hours in 2010, 11.75 hours in 2011), for a total fee of $13,624.10, plus costs of $362.82. (Docket No. 26). Plaintiff's counsel also requests 4.30 hours for time expended in connection with his Reply to the Commissioner's opposition to the attorneys' fees motion. Thus, the total revised request is for 82.68 hours, a fee of $14,759.77, plus $362.82 in costs and expenses. (Docket No. 30).[1]

The Commissioner objects to the fee request as excessive and unreasonable, arguing that this case "did not involve particularly complex, novel or unusual legal, factual or procedural issues" and describing the matter as a "routine Social Security disability case." (Docket No. 27, at p. 1-2).

This Court does not accept this broad characterization, as this case was rather fact-intensive, involving several impairments, the ALJ's failure to properly evaluate the opinions of two treating physicians, and the issue of whether the case should be remanded for further proceedings or solely for the calculation of benefits. (Docket No. 18).

With that said, this Court does not find the case to have been as time-consuming or complex as Plaintiff's counsel suggests. As such, this Court finds that some reduction in the number of hours expended is warranted.

As a threshold matter, this Court notes that attorneys' fees requests by this Plaintiff's counsel have been found excessive and reduced on several prior occasions by other courts. See, e.g. Quinn v. Asture, No. 06-CV-1303, 2008 WL 5234300, at *3 & n. 4 (N.D.N.Y. Dec. 15, 2008)(reducing fee request of $20,147.95 to $8,485.81); Greenridge

---

[1] Plaintiff's counsel filed a second motion for attorneys' fees on June 20, 2012. (Docket No. 32). By letter dated January 14, 2013, counsel withdrew the second motion and requested a ruling on his first motion. (Docket No. 36).

v. Barnhart, No. 04-CV-0379, 2005 WL 357318, at *5 (N.D.N.Y. Feb. 11, 2005)(reducing request for 83.41 hours to 48.18 hours); Crudele v. Chater, No. 92 CIV. 7912, 1997 WL 198076 (S.D.N.Y. Apr.23, 1997) (reducing request for $16,075.93 for 123.14 hours to $10,390.79 for 76.74 hours); Gray v. Chater, No. 95 CIV. 8847, 1997 WL 12806 (S.D.N.Y. Jan.14, 1997) (reducing request for $8,594.21 for 65.03 hours to $3,969.00 for 30 hours).

In this case, Plaintiff's counsel concedes that time spent in connection with the preparation of an *in forma pauperis* application that was never filed should not have been included as part of his attorneys' fees application. (Docket No. 30-2, at p. 8). This results in a reduction of 1.2 hours[2] and a reduction in the fee request of $206.69 (1.2 hours at the 2009 rate of $172.24).

Counsel requests compensation for 42.14 hours with respect to drafting and researching the initial brief. This task alone exceeds the 20 to 40 hour average for total time expended on social security cases in this district. Although, as noted above, this case was somewhat fact-intensive, it was not so novel or complex as to require such a significant departure from the time expended with respect to the *entirety* of a typical case. As such, this Court finds that a reduction of 10.14 hours of attorney time is warranted with regard to this task. See Dabul-Monti v. Astrue, No. 09-CV-966, 2011 WL 1541363, at *2 (N.D.N.Y. April 21, 2011)(reducing time spent on brief by 7.66 hours from 37.66 to 30.00 hours); Quinn, 2008 WL 5234300, at *2 (finding request for 63 hours in connection with drafting and revising brief excessive); Greenidge, 2005 WL 357318, at *4 (finding request for 40 hours of time preparing brief excessive). This results in a reduction in the fee

---

[2]This reduction includes time spent drafting correspondence to plaintiff regarding the IFP application.

6

request of $1,746.51 (10.14 hours at the 2009 rate of $172.24).

Counsel also seeks 8.74 hours for the preparation and filing of the initial attorneys' fees motion. This Court finds that a reduction of 5.74 hours with regard to this task is warranted. See Dabul-Monti, 2011 WL 1541363, at *2 (finding 2.5 hours for preparation of attorneys' fees motion reasonable); Coughlin, 2009 WL 3165744, at *3 (finding that "3 1/2 hours spent by counsel to 'prepar [e]' and to 'finalize and file' the EAJA motion is excessive and unreasonable"). This results in a reduction of the fee request in the amount of $1,031.94 (5.74 hours at the 2011 rate of $179.78).

Accordingly, this Court finds that Plaintiff's request for attorneys' fees should be granted, in part, in the amount of $11,774.63 (representing 67.6 hours). There was no objection to the request for costs of $362.82 and that request should therefore be granted.

Concerning the method of payment, courts in this District have generally concluded that attorney's fees awards are payable to the social security claimant pursuant to the Supreme Court's decision in Astrue v. Ratliff, 130 S.Ct. 2521, 2526–7, 177 L.Ed.2d 91 (2010), however, they may be mailed to the office of the claimant's attorney. See Wilson v. Astrue, No. 09–CV–6488, 2011 WL 1549471 (April 21, 2011). As such, this Court recommends that the fee be made payable to the Plaintiff and mailed to Plaintiff's attorney at his regular place of business.

## IV. CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff's application for attorneys' fees and costs under the EAJA be granted, in part, and that Plaintiff be awarded $11,774.63, plus costs in the amount of $362.82, and that the payment be mailed to the office of Plaintiff's counsel.

Respectfully Submitted,

Dated: February 13, 2013
Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

**WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

February 13, 2013

Victor E. Bianchini
United States Magistrate Judge